**Mazzola v. Rood**

*Joseph J. Musto,* for plaintiffs.
*Franklin E. Kepner,* for defendant.

MYERS, *P.J.,* April 30, 1976 — Plaintiffs filed a complaint wherein they alleged that defendant had breached an agreement to pay plaintiffs for their services rendered as a professional singing group. Defendant timely filed a preliminary objection in the nature of a demurrer, on the grounds that the agreement between the parties called for compulsory arbitration of all disputes arising out of the agreement.

According to section 1 of the Act of April 25, 1927, P.L. 381, 5 P.S. §161, "[a] provision in any written contract, *except a contract for personal services,* to settle be arbitration a controversy arising out of such contract . . . shall be valid, irrevocable, and enforceable . . . ." (Emphasis supplied.) In the instant case, the agreement in dispute is clearly an agreement for personal services. In fact, the opening sentence of the agreement begins as follows: "This contract for *personal services* . . . ." (Emphasis supplied.)

However, the instant agreement also contains an arbitration clause, wherein the parties agree to submit all disputes to an arbitration board. Plaintiffs contend that the agreement's arbitration clause is legally void, on the theory that section 1 of the act prohibits the arbitration of disputes arising from all agreements for personal services.

We disagree with plaintiffs' contention. In our

view, section 1 of the act does not flatly prohibit parties from agreeing to arbitration disputes concerning contracts for personal services. Rather, section 1 simply states that certain types of arbitration agreements are valid; the law does not mean that all other types of arbitration agreements are invalid.

In any event, the parties involved in the instant agreement clearly intended to arbitrate their disputes. We do not believe that section 1 of the act should be construed in a manner which ignores the parties' obvious intent.

Finally, we recognize that public policy strongly favors the settlement of disputes by arbitration whenever possible. "The public policy of this State is to give effect to arbitration agreements and where the parties by contract contemplate the settlement of disputes by arbitration, every reasonable intendment will be made in favor of the argeement." Capecci v. Capecci, 11 D. & C.2d 459, (syllabus) (1958), aff'd 392 Pa. 32, 139 A. 2d 563 (1958); Project Builders, Inc. v. Zeiders, 87 Dauph. 344 (1967).

We are, therefore, sustaining defendant's preliminary objection and dismissing the complaint.

Hence the following

## ORDER

And now, April 30, 1976, defendant's preliminary objection in the form of a demurrer is sustained, and plaintiffs' complaint is hereby dismissed, without prejudice to plaintiffs to proceed with compulsory arbitration in accordance with the contract between the parties.